UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID NAIL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:08 CV 401 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

David Nail (Nail), a *pro se* prisoner, filed this habeas corpus petition challenging his 720 day loss of earned credit time.[1] On December 20, 2007, in case number WCC 07-11-0643, the Westville Correctional Facility Disciplinary Hearing Body (DHB) found Nail guilty of violating prison rule A-100 by violating the Indiana State law against invasion of privacy. Nail raises six grounds in his petition.

First, Nail alleges that the charge is defective because the internal affairs officer who wrote the conduct report is not a prosecutor and cannot charge him with a crime. However, the conduct report did not charge Nail with a crime, it charged him with the

---

[1] Though Nail mentions and contests his placement in segregation and his loss of phone privileges, a prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law," Nail was not entitled to any additional due process before those sanctions were imposed. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Accordingly, the aforementioned actions may not be challenged in a habeas corpus proceeding.

violation of a prison rule. In this case, the prison rule at issue (A-100) incorporates the proscriptions of federal, state, and local laws. Thus, a violation of any of those laws is a violation of the prison rule. *See generally Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) ("[O]fficials charged Northern with an Adult Disciplinary Procedures Code 100-A conduct violation for violating Indiana Code § 35-41-5-2(a) (conspiracy) and § 35-44-1-1(a)(2)(bribery).") Because internal affairs officers may issue conduct reports for violations of prison rules, the charge is not defective.

Second, Nail alleges that he was denied the constitutional rights of a criminal trial. It is undoubtedly true that Nail was denied the rights of a criminal defendant at trial. Nail alleges that the DHB is not a court of law. This is true. What Nail fails to grasp is that it was unnecessary to charge him with a crime in State court and that "[d]ue process in a prison setting is very limited . . . ." *Wilson v. Jones*, 430 F.3d 1113, 1124 (10th Cir. 2005). Specifically, Nail alleges that he was denied counsel. However, "inmates have no right to retained or appointed counsel at prison disciplinary proceedings." *United States v. Gouveia*, 467 U.S. 180, 185 n.1 (1984). While Nail alleges that he was not given *Miranda* warnings, such advisements are not required in prison disciplinary cases. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Nail further alleges that he was not afforded the opportunity of a jury trial. Though *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974) requires an impartial decision maker, it makes no provision for a jury trial in prison disciplinary cases. Finally, Nail alleges that he was denied a chance

2

to appeal. This contention is obviously not correct because Nail appealed the relevant decision to the Final Reviewing Authority. (DE # 1, part 2, p. 18.) Nevertheless, *Wolff* does not require the right to appeal prison disciplinary proceedings. Furthermore, the United States Supreme Court has warned the federal courts of appeals not to add to the procedures that were required by *Wolff*, which, as *Baxter* held, represented a balance of interests that should not be further adjusted in favor of prisoners. *See Baxter*, 425 U.S. at 324 (1976). Because Nail was not entitled to the rights afforded to criminal defendants during his prison disciplinary hearing, Nail was not denied due process when he was denied those rights.

Third, Nail alleges that he is being unlawfully detained because the DHB took earned credit time from him. This argument, like much of Nail's habeas petition, simply misunderstands the prison disciplinary process. Nail again argues that the DHB is not a court and lacks the authority to find him guilty of a crime and detain him in prison. As previously explained, Nail was not found guilty of a crime, he was found guilty of violating a prison rule. *Wolff* is instructive in showing that the DHB has the authority to make such a determination and to take his earned credit time. Because the DHB has the authority to take earned credit time, Nail is not unlawfully detained merely because it did so.

Fourth, Nail alleges that he was denied the right to confront and cross-examine the witnesses against him. Again, though undoubtedly true, it is equally irrelevant

3

because "he had no right to confront or cross-examine adverse witnesses in his disciplinary proceeding." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Fifth, Nail alleges that his loss of earned credit time is cruel and unusual punishment because the DHB is not a court. As previously explained, the DHB is not a State court, but, for the reasons also explained previously, this argument has no merit.

Sixth, Nail alleges that the full faith provisions of 18 U.S.C. § 2265 were violated, as well as IND. R. TRIAL P. 4.4(A). Both of these arguments are based on the persistently flawed premise that the DHB lacked authority to punish Nail because it was not a court. What makes this version of his repeated argument even less persuasive is that while 18 U.S.C. § 2265 requires that the several states give full faith and credit to the protective orders of other states, it says nothing about denying prisons the authority to discipline an inmate who violates such an order. Furthermore, even if the INDIANA TRIAL RULES were applicable to the DHB, which they are not, the violation of a State rule is not a basis for federal habeas corpus relief. As the United States Supreme Court has stated, "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted).

In the relevant petition, Nail has presented no basis for granting habeas corpus relief. As SECTION 2254 HABEAS CORPUS RULE 4 states, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

4

judge must dismiss the petition and direct the clerk to notify the petitioner." For the foregoing reasons, the relevant habeas corpus petition is **DISMISSED** and **DENIED**.

**SO ORDERED.**

**DATED:** September 23, 2008

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT